UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MANUEL PENA,                                            :

              Petitioner,                     :

          -against-                             :

UNITED STATES OF AMERICA,                 :

              Respondent.                  :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

04 Civ. 9700 (AJP), 00 Cr. 0036 (RMB)

**OPINION AND ORDER**

**ANDREW J. PECK, United States Magistrate Judge:**

           Pro se petitioner Manuel Pena has petitioned pursuant to Federal Rule of Civil Procedure 60(b)(6) and 60(d) to reopen this Court's May 2005 judgment dismissing his § 2255 habeas petition.  (Dkt. No. 9: Notice of Motion; Dkt. No. 10: Pena Br.; Dkt. No. 16: Pena Reply Br.)[1]  Pena urges the Court to reopen his § 2255 proceeding due to "'extraordinary circumstances,' an undue hardship on petitioner, and because this case calls into question the correctness of this court's decision related to counsel's failure to either pursue a petition in the U.S. Supreme Court or advise petitioner of his right to pursue such a discretionary appeal."  (Pena Br. at 7; see also Pena Reply Br. at 1-2.)  Additionally, Pena attacks the integrity of the § 2255 proceeding, alleging that the Court failed to "'liberally construe' . . . his claim that 'his appellate counsel was ineffective for failing either to file a petition for a writ of certiorari with the United States Supreme Court or notify [petitioner] of his right to do so.'"  (Pena Reply Br. at 3-4.)  The facts underlying the dispute are set forth in my prior Opinion and Order, Pena v. United States, 04 Civ. 9700, 00 Cr. 0036, 2005 WL

---

[1]      Unless otherwise specified, docket citations are with respect to 04 Civ. 9700.

1176073 (S.D.N.Y. May 18, 2005) (Peck, M.J.), aff'd, 534 F.3d 92 (2d Cir.), cert. denied, 555 U.S. 956, 129 S. Ct. 424 (2008), familiarity with which is assumed.

The parties have consented to decision of this case by a Magistrate Judge pursuant to 28 U.S.C. § 636(c).  (See 00 Cr. 0036, Dkt. No. 137: Consent Form.)

For the reasons set forth below, Pena's motion is DENIED.

## FACTS

On February 28, 2001, Pena was found guilty after a jury trial of conspiracy to distribute one kilogram or more of heroin.  (Dkt. No. 2: Pena § 2255 Br. at 2; 2/28/05 Gov't Letter Br. at 3.)  Additionally, on March 1, 2001, the jury returned a special verdict of $7 million forfeiture, as charged in the indictment.  (See 00 Cr. 36, Dkt. No. 77: 5/2/01 Preliminary Order of Forfeiture; 00 Cr. 36, Dkt. No. 78: Judgment at 7; 00 Cr. 36, Dkt. No. 88: Sentencing Tr. ["S."] 24.)  On June 1, 2001, Judge Richard M. Berman sentenced Pena to, inter alia, life imprisonment and forfeiture of $7 million.  (Judgment at 2, 3; S. 21-27.)

Represented by new retained counsel (Pena § 2255 Reply Br. at 13), Pena appealed to the Second Circuit asserting that he received ineffective assistance of trial counsel.  United States v. Vergera, 73 F. App'x 478, 479 (2d Cir. 2003).  On August 13, 2003, the Second Circuit affirmed Pena's conviction.  United States v. Vergera, 73 F. App'x at 480.  Pena did not file a petition for writ of certiorari with the Supreme Court and his time for doing so expired November 11, 2003.

On December 9, 2004, Pena filed his pro se § 2255 motion to vacate his sentence. (04 Civ. 9700, Dkt. No. 1: Pet.)  Pena alleged, inter alia, that appellate counsel was ineffective for failing to either file a petition for a writ of certiorari with the United States Supreme Court or notify Pena of his right to do so.  (Pet. ¶ 12(D); Pena § 2255 Br. at 14-15.)

On May 18, 2005, this Court denied Pena's § 2255 motion.  <u>Pena</u> v. <u>United States</u>, 04 Civ. 9700, 00 Cr. 0036, 2005 WL 1176073 *10 (S.D.N.Y. May 18, 2005) (Peck, M.J.).  On July 21, 2008, the Second Circuit affirmed the denial of Pena's § 2255 motion.  <u>Pena</u> v. <u>United States</u>, 534 F.3d 92 (2d Cir. 2008).  The Supreme Court denied certiorari on October 14, 2008.  <u>Pena</u> v. <u>United States</u>, 555 U.S. 956, 129 S. Ct. 424 (2008).

On April 8, 2009, the Second Circuit denied Pena's application for a second or successive § 2255 motion.  (Dkt. No. 8: 2d Cir. Order.)

Presently before the Court is Pena's motion pursuant to Federal Rule of Civil Procedure 60(b)(6) and 60(d) to reopen this Court's prior judgment.  (Dkt. No. 9: Notice of Motion; Dkt. No. 10: Pena Br.; Dkt. No. 16: Pena Reply Br.)  Pena claims that the Court should

> reopen the section 2255 proceedings under Fed. R. Civ. P. 60(d) based on "extraordinary circumstances," an undue hardship on petitioner, and because this case calls into question the correctness of this court's decision related to counsel's failure to either pursue a petition in the U.S. Supreme Court or advise petitioner of his right to pursue such a discretionary appeal on a first round of direct appeals.

(Pena Br. at 7; <u>see also</u> Pena Reply Br. at 1-2.)  Specifically, Pena attacks the integrity of the § 2255 proceeding, alleging that the Court failed to "'liberally construe' . . . his claim that 'his appellate counsel was ineffective for failing either to file a petition for a writ of certiorari with the United States Supreme Court or notify [petitioner] of his right to do so.'"  (Pena Reply Br. at 3-4.)

## <u>ANALYSIS</u>

## I.    <u>PENA'S RULE 60 MOTION TO REOPEN THE JUDGMENT IS DENIED</u>

### A.    <u>Rule 60 Cannot Be Used To Challenge An Underlying Criminal Conviction</u>

Federal Rule of <u>Civil</u> Procedure 60 may not be used to attack "the underlying criminal conviction" from which the habeas proceeding arose.  <u>Harris</u> v. <u>United States</u>, 367 F.3d 74,

77 (2d Cir. 2004).[2/]   Rule 60, however, may be used to attack "the integrity of [a] habeas proceeding." <u>Harris</u> v. <u>United States</u>, 367 F.3d at 77 ("[R]elief under Rule 60(b) is available with respect to a previous habeas proceeding only when the Rule 60(b) motion attacks the integrity of the previous habeas proceeding and not the underlying criminal conviction."); <u>see</u>, <u>e.g.</u>, <u>United States</u> v. <u>Jones</u>, 449 F. App'x at 78; <u>Carbone</u> v. <u>Cunningham</u>, 2012 WL 1446498 at *2; <u>Espinal</u> v. <u>United States</u>, No. 11-CV-0163, 2012 WL 372014 at *1 (E.D.N.Y. Feb. 3, 2012) ("Only claims that address 'some defect in the integrity of the federal habeas proceedings' may be the subject of a Rule 60 motion." (citing <u>Gonzalez</u> v. <u>Crosby</u>, 545 U.S. 524, 532, 125 S. Ct. 2641, 2648 (2005))); <u>Millan</u> v. <u>United States</u>, 09 Civ. 10014, 2011 WL 5169443 at *4 (S.D.N.Y. Oct. 31, 2011) ("[P]ost-conviction relief under Rule 60(d)(3) is unavailable because '[P]etitioners' jury-tampering claims are attacking the integrity of the [criminal] trial, not their prior habeas proceedings.'").  "If the motion attacks the underlying conviction, the Court can either treat it as a second or successive habeas petition and transfer it to the Second Circuit or the court may simply deny the portion of the motion attacking the underlying conviction as beyond the scope of Rule 60 . . . ." <u>Espinal</u> v. <u>United States</u>, 2012 WL 372014 at *1 (quotations omitted); <u>see also</u> 28 U.S.C. § 2255(h).

       Pena essentially raises the same claim that he did in his § 2255 petition.  Pena's Rule 60 motion claims to attack the integrity of the § 2255 proceeding by arguing that the Court failed to "'liberally construe' . . . his claim that 'his appellate counsel was ineffective for failing either to file a petition for a writ of certiorari with the United States Supreme Court or notify [petitioner] of

---

[2/]    <u>See</u>, <u>e.g.</u>, <u>United States</u> v. <u>Jones</u>, 449 F. App'x 77, 78 (2d Cir. 2011); <u>Carbone</u> v. <u>Cunningham</u>, 06 Civ. 5710, --- F. Supp. 2d ----, 2012 WL 1446498 at *2 (S.D.N.Y. Apr. 26, 2012); <u>Marmolejas</u> v. <u>United States</u>, 05 Civ. 10693, 99 Cr. 1048, 2010 WL 3452386 at *4 (S.D.N.Y. Sept. 2, 2010) (Chin, C.J.); <u>Serrano</u> v. <u>Smith</u>, 05 Civ. 1849, 2009 WL 1390868 at *2 (S.D.N.Y. May 13, 2009).

his right to do so.'"  (See page 3 above.)  In his § 2255 petition, Pena's fourth claim was that

appellate counsel was ineffective for failing to either file a petition for a writ of certiorari or notify

Pena of his right to do so.  (See page 2 above.)  Through the guise of "liberal construction," Pena

is merely attacking his criminal conviction.  See, e.g., Panton v. United States, 98 Civ. 1881, 89 Cr.

0346, 2010 WL 5422293 at *3 (S.D.N.Y. Dec. 23, 2010) ("To the extent that [petitioner's]

arguments attack the underlying habeas judgment rather than the integrity of the proceeding, those

arguments would be either beyond the scope of the 60(b) motion or a second or successive habeas

petition.").  Rule 60 does not

> provide a movant an additional opportunity to make arguments or attempt to win a
> point already "carefully analyzed and justifiably disposed."  A Court should not
> "reconsider issues already examined simply because Petitioner is dissatisfied with
> the outcome of his case. To do otherwise would be a waste of judicial resources."

In re Bulk Oil (USA) Inc., 93 Civ. 4492, 93 Civ. 4494, 2007 WL 1121739 at *10 (S.D.N.Y. Apr.

11, 2007) (citations omitted); see also, e.g., Hoffenberg v. United States, 00 Civ. 1686, 2010 WL

1685558 at *4 (S.D.N.Y. Apr. 26, 2010) ("Rule 60(b) is not a vehicle to relitigate issues already

raised during a prior Section 2255 proceeding."); Davis v. United States, 08 Civ. 7515, 05 Civ. 0694,

2009 WL 222354 at *1 (S.D.N.Y. Jan. 27, 2009) ("Rule 60(b) cannot serve as a means to relitigate

the denial of a § 2255 petition . . . ."); Salazar v. United States, 05 Civ. 7496, 02 Cr. 0360, 2006 WL

3802191 at * 1 (S.D.N.Y. Dec. 27, 2006) ("Because the motion simply recasts the same arguments

petitioner raised in his first habeas motion the motion is nothing more than a successive petition for

habeas relief disguised as a Rule 60(b) motion and is therefore denied."); Gitten v. United States,

00 Civ. 9100, 99 Cr. 0380, 2002 WL 662883 at *3 (S.D.N.Y. Apr. 23, 2002) ("'[A]n argument based

on hindsight regarding how the movant would have preferred to have argued its case does not

provide grounds for Rule 60(b) relief . . . nor does the failure to marshall all known facts' and arguments in support of the prior motion.").

Pena's motion is challenging his criminal conviction, not the integrity of the habeas proceedings.  Pena already has appealed this Court's denial of his § 2255 petition, and the Second Circuit affirmed and the Supreme Court denied certiorari.  (See page 3 above.)  Pena's motion effectively is a successive § 2255 petition, which cannot be considered by this Court without leave from the Second Circuit (see cases cited on page 4 above), and the Second Circuit already denied Pena's motion for a second or successive § 2255 petition (see page 3 above).  Pena's Rule 60 motion is DENIED.

In any event, Pena's Rule 60(b)(6) motion is untimely and his motion is meritless.

**B.     Pena's Rule 60(b)(6) Motion Is Untimely**

Pursuant to Federal Rule of Civil Procedure 60(c), a "motion under Rule 60(b) must be made within a reasonable time."  Fed. R. Civ. P. 60(c).  Courts "must scrutinize the particular circumstances of the case, and balance the interest in finality with the reasons for delay" to determine whether the Rule 60(b) motion was filed within a "reasonable time."  PRC Harris, Inc. v. Boeing Co., 700 F.2d 894, 897 (2d Cir.), cert. denied, 464 U.S. 936, 104 S. Ct. 344 (1983).[3/]

Pena filed his Rule 60(b)(6) motion more than six years after this Court denied his § 2255 petition, more than three years after the Second Circuit affirmed and nearly three years after the Supreme Court denied certiorari.  (See page 3 above.)  Moreover, Pena has not provided any reason for his delay in filing his Rule 60(b)(6) motion.  "Courts in the Second Circuit have routinely

---

[3/]     Accord, e.g., Flemming v. New York, 423 F. App'x 64, 65 (2d Cir. 2011); Niederland v. Chase, 425 F. App'x 10, 12 (2d Cir. 2011); Brown v. Enzyme Dev., 380 F. App'x 97, 98 (2d Cir. 2010).

held that shorter periods of time are unreasonable." Carbone v. Cunningham, 06 Civ. 5710, --- F. Supp. 2d ----, 2012 WL 1446498 at *2 (S.D.N.Y. Apr. 26, 2012) (motion untimely when filed more than four years after denial of habeas petition with no explanation for the delay); see, e.g., Pabon v. Maciol, 374 F. App'x 178, 180 (2d Cir. 2010) (motion untimely where petitioner "has not provided any reason why he did not file his Rule 60(b) motion until almost nine months after this Court denied his petition for rehearing of the order affirming the district court's judgment, and almost four years after the district court entered its judgment"); Kellogg v. Strack, 269 F.3d 100, 104 (2d Cir. 2001) (finding twenty-six month delay after judgment to be unreasonable), cert. denied, 535 U.S. 932, 122 S. Ct. 1306 (2002); Rodriguez v. Mitchell, 252 F.3d 191, 201 (2d Cir.2001) (motion filed three and a half years after entry of judgment was untimely); Truskoski v. ESPN, Inc., 60 F.3d 74, 76, 77 (2d Cir.1995) (Rule 60(b)(6) motion filed eighteen months after judgment was untimely); Hoffenberg v. United States, 00 Civ. 1686, 2010 WL 1685558 at *5 (S.D.N.Y. Apr. 26, 2010) ("[J]udgment was entered on July 28, 2006, and [petitioner]'s motion was not filed until December 28, 2009, a delay of almost three and a half years. Even if the relevant judgment were the Court's denial of a certificate of appealability on the issues raised in the Supplemental Declaration, the delay amounts to more than two and half years. The motion is therefore time-barred."); Malik v. Mackey, 03 Civ. 0580, 2009 WL 255861 at *1 (S.D.N.Y. Jan. 30, 2009) (motion filed two years after entry of judgment was untimely).

Accordingly, Pena's Rule 60(b)(6) motion is untimely.

**B.     Pena's Rule 60(d) Motion Is Denied Because It Is Meritless**

Rule 60(d) provides:

(d) Other Powers to Grant Relief. This rule does not limit a court's power to:

(1) entertain an independent action to relieve a party from a judgment, order, or proceeding;

(2) grant relief under 28 U.S.C. § 1655 to a defendant who was not personally notified of the action; or

(3) set aside a judgment for fraud on the court.

Fed. R. Civ. P. 60(d).  Because it is unclear whether Pena seeks to reopen his § 2255 proceeding under Rule 60(d)(1) or 60(d)(3), the Court will address both.  "[I]ndependent actions under Rule 60(d)(1) are available 'only to prevent a grave miscarriage of justice.'"  Gottlieb v. SEC, 310 F. App'x 424, 425 (2d Cir.), cert. denied, 130 S. Ct. 511 (2009).[4/]  Relief under Rule 60(d)(3) is available only when fraud "seriously affects the integrity of the normal process of adjudication." King v. First Am. Investigations, Inc., 287 F.3d 91, 95 (2d Cir.), cert. denied, 537 U.S. 960, 123 S. Ct. 393 (2002).[5/]  "Fraud upon the court should embrace 'only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases.'"  King v. First Am. Investigations, Inc., 287 F.3d at 95.[6/]

---

[4/]    Accord, e.g., LinkCo, Inc. v. Akikusa, 367 F. App'x 180, 182 (2d Cir.), cert. denied, 131 S. Ct. 388 (2010); Space Hunters, Inc., v. United States, 10 Civ. 6335, 2011 WL 1899627 at *3 (S.D.N.Y. May 17, 2011); Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara, 465 F. Supp. 2d 283, 294 (S.D.N.Y. 2006), aff'd as modified on other grounds, 500 F.3d 111 (2d Cir. 2007), cert. denied, 554 U.S. 929, 128 S. Ct. 2958 (2008).

[5/]    Accord, e.g., Lee v. Marvel Enters., Inc., 765 F. Supp. 2d 440, 450 (S.D.N.Y. 2011), aff'd, 2012 WL 934016 (2d Cir. Mar. 21, 2012); Pentagen Tech. Int'l Ltd. v. CACI Int'l Inc., 93 Civ. 8512, 2007 WL 586636 at *2 (S.D.N.Y. Feb. 23, 2007), aff'd, 282 F. App'x 32 (2d Cir.), cert. denied, 555 U.S. 1070, 129 S. Ct. 730 (2008).

[6/]    Accord, e.g., Lee v. Marvel Enters., Inc., 765 F. Supp. 2d at 450; Marmolejas v. United States, 05 Civ. 10693, 99 Cr. 1048, 2010 WL 3452386 at *6 (S.D.N.Y. Sept. 2, 2010) (Chin, C.J.); Wilson v. City of N.Y., 03 Civ. 2495, 2009 WL 3614612 at *2 (S.D.N.Y. Nov. 2, (continued...)

Pena merely asserts that this Court "failed to consider the fact that (1) appellate counsel was functioning as an attorney in a first round of appeals directly from the judgment and conviction of this [C]ourt and not as 'habeas' counsel; (2) consider the claim in context with the American Bar Association Code of Professional Ethics." (Dkt. No. 10: Pena Br. at 28; see also Dkt. No. 16: Pena Reply Br. at 2.)  In denying Pena's § 2255 motion, both this Court and the Second Circuit, however, understood that Pena's claim was for ineffective assistance of counsel on direct appeal.  See Pena v. United States, 04 Civ. 9700, 00 Cr. 0036, 2005 WL 1176073 at *8 (S.D.N.Y. May 18, 2005) (Peck, M.J.) (citing "Aguirre v. United States, No. 95-2048, 100 F.3d 942 (table), 1996 WL 19110 at *2 (2d Cir.) ('A criminal defendant . . . does not have a constitutional right to counsel when pursuing a discretionary appeal on direct review of a conviction.  Because [petitions for certiorari] to the Supreme Court are discretionary, [petitioner] had no constitutional right to assistance of counsel.') (citations omitted), cert. denied, 517 U.S. 1216, 116 S. Ct. 1841 (1996)," and stating that: "The law in this Circuit is unclear as to whether the constitutional right to counsel on direct appeal encompasses a duty on the part of the attorney to inform the client of his right to proceed pro se with a discretionary appeal," but in any event Pena cannot demonstrate prejudice.), aff'd, 534 F.3d 92, 94 (2d Cir.) (noting that "Pena did not file a timely petition for certiorari" on his direct appeal and his § 2255 petition raised the claim that "retained appellate counsel was constitutionally ineffective for failing to notify him of his right to file for certiorari"), cert. denied, 555 U.S. 956, 129 S. Ct. 424 (2008).  Moreover, the Second Circuit addressed counsel's professional standards of conduct in its opinion.  See Pena v. United States, 534 F.3d at 96 ("Nevertheless, we

---

6/       (...continued)
2009); Pentagen Tech. Int'l Ltd. v. CACI Int'l Inc., 2007 WL 586636 at *2.

believe that, as a matter of sound professional practice, retained counsel representing federal criminal defendants in this Court should, like their CJA counterparts, inform their clients of the availability of, and the process for, pursuing certiorari review and assist them with filing appropriate certiorari petitions, if retained to do so.").

Accordingly, Pena's Rule 60(d) motion is <u>DENIED</u>.

## CONCLUSION

For the reasons discussed above, Pena's Rule 60 motion to reopen the judgment is <u>DENIED</u>.

SO ORDERED.

Dated:      New York, New York
            May 16, 2012

                                            _____
                                            **Andrew J. Peck**
                                            United States Magistrate Judge


Copies to:   Manuel Pena
             AUSA Daniel B. Tehrani
             Judge Richard M. Berman